IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| DAN E. PATTERSON,<br><br>          Plaintiff,<br><br>v.<br><br>THE UNITED STATES VIRGIN ISLANDS, THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE,<br><br>          Defendants. | CASE NO. 2010-126 |

**ORDER**

  Before the Court is plaintiff's motion to strike defendants' answer. Plaintiff moves to strike the answer as not having been filed in compliance with Federal Rule of Civil Procedure 8, and it seeks to have the allegations in the complaint deemed admitted. Plaintiff argues that some of defendants' responses are vague, false, and inconsistent, and contends therefore that defendants have failed in their obligation to plead with honesty and to conduct a reasonable investigation into the allegations contained in the complaint.

  Federal Rule of Civil Procedure 12(f) governs motions to strike. Rule 12(f) provides that on motion of a party made either before responding to the pleading or, if response is not allowed, within 21 days after being served with the pleading, a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Defendants answered

*Patterson v. The United States Virgin Islands, et al.*
Civil No. 2010-126
Page 2 of 3

the complaint on February 11, 2011, and plaintiff did not file its motion to strike until March 31, 2011, well beyond the 21 days prescribed in the Rule. As such, the motion is untimely.

Even if, as plaintiff argues, the Court could determine this issue without regard to the time limit in the Rule, the motion still must be denied. Motions to strike are generally disfavored, and doubts should be resolved in favor of denying the motion.[1] "Mere redundancy, immateriality, impertinence, or scandalousness is not sufficient to justify striking an allegation."[2] A motion to strike is also viewed as a "'time waster'"; the motion will be denied unless the allegedly offending pleading "bears no possible relation to the dispute or could confuse the issues."[3] Moreover, to "prevail on a motion to strike, the moving party must demonstrate that the challenged allegations are so unrelated to the plaintiff's claims as to be 'unworthy of any consideration and that their presence in the pleading will be prejudicial.'"[4]

---

[1] *Flanagan v. Wyndham International, Inc.*, 2003 U.S. Dist LEXIS 24211, at *3-4 (D.V.I. April 21, 2003)(citing *Larsen v. Pennsylvania*, 955 F. Supp. 1549, 1582 (M.D. Pa. 1997) and *Krisa v. The Equitable Life Assurance Society*, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000)); *see also Michael v. McIntosh*, 2007 U.S. Dist. LEXIS 78720 (D.V.I. Oct. 9, 2007)

[2] 2003 U.S. Dist. LEXIS 24211, at *4 (citations omitted).

[3] *Id.* (citations omitted).

[4] *Id.*, at *3 (citing Wright and Miller, Federal Practice and Procedure, Civil 2d § 1380).

*Patterson v. The United States Virgin Islands, et al.*
Civil No. 2010-126
Page 3 of 3

    Here, defendants fairly met their obligations under Rule 8. Even so, plaintiff alleges that some of defendants' responses are vague, false, and inconsistent.  Plaintiff has not met his burden of demonstrating that defendants' responses are so unrelated to plaintiff's claims as to be unworthy of consideration, however, nor has plaintiff established that defendants' responses are prejudicial to plaintiff.  In light of the foregoing, it is hereby

    ORDERED that plaintiff's motion to strike defendants' answer is DENIED.

                        S\_____
                          **RUTH MILLER**
                          United States Magistrate Judge