DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

DAN E. PATTERSON,                    )
                                     )
             Plaintiff,              )
                                     )
        v.                           )     Civil No. 2010-126
                                     )
THE UNITED STATES VIRGIN ISLANDS,    )
and THE VIRGIN ISLANDS BUREAU OF     )
INTERNAL REVENUE,                    )
                                     )
             Defendants.             )

ATTORNEYS:

Joseph A. DiRuzzo, III, Esq.
Fuerst Ittleman, PL
Miami, FL
      For the plaintiff,

Tamika Archer, AAG
Vincent Frazer, Attorney General
Virgin Islands Department of Justice
St. Thomas, VI
      For the defendants.

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

This matter is before the court on the plaintiff's motion
for reconsideration of the Court's September 27, 2011, Order
denying the plaintiff's motion for judgment on the pleadings.

## I.    FACTUAL AND PROCEDURAL HISTORY

On or about December 30, 2004, the plaintiff, Dan E.
Patterson ("Patterson"), submitted his Form 1040 income tax
return to the Virgin Islands Bureau of Internal Revenue (the
"VIBIR") for the 2003 tax year. Patterson claimed that his

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 2

taxable income for the 2003 tax year was $3,485,310, and that he was entitled to an Economic Development Program ("EDP") tax credit[1] in the amount of $598,327. Patterson reported an underpayment of $158,089 for the 2003 tax year.

On or about October 18, 2005, Patterson filed a Form 1040 income tax return with the VIBIR for the 2004 tax year. Patterson reported a taxable income of $5,861,515, and claimed an EDP tax credit of $907,471. Patterson sought a refund of $171,489.

On or about December 16, 2005, Patterson filed a Form 1040X amended income tax return, requesting a refund in the amount of $166,029 for the 2003 tax year. Patterson claimed that his income for the 2003 tax year was in fact $2,748,970 and that he was entitled to an EDP credit of $724,891.

Patterson initiated this action on December 10, 2010. The Complaint asserts three counts. Count One seeks a refund from the Virgin Islands Bureau of Internal Revenue ("VIBIR"), for the alleged overpayment of taxes by Patterson in the 2003 and 2004 tax years. Count Two asserts a claim for unjust enrichment. Count Three asserts a claim for conversion.

---

[1] The Economic Development Program is primarily a system of tax exemptions, subsidies, and benefits designed to incentivize corporations to do business in the Virgin Islands. *See* V.I. CODE ANN. tit. 29, § 701 et seq.

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 3

On February 25, 2011, after the VIBIR submitted its answer, Patterson moved for judgment on the pleadings as to Count One of the Complaint (the "Motion for Judgment on the Pleadings").

On September 27, 2011, the Court denied the Motion for Judgment on the Pleadings (the "September 27, 2011, Order"). The Court then requested that the parties submit briefs on the issue of whether Patterson had filed his administrative claim with the VIBIR within the applicable limitations period. *See* 26 U.S.C. §§ 7422(a), 6511; V.I. CODE ANN. tit. 33, § 1692.

In response to the Court's September 27, 2011, Order, the parties have submitted briefs in which they both agree that Patterson timely filed his administrative claims for a refund. Patterson now moves for this court to reconsider its September 27, 2011, Order, and to grant him judgment on the pleadings.

To date, no motions have been filed with respect to Counts Two or Three of the Complaint.

## II.  <u>DISCUSSION</u>

### A.  <u>Motion for Reconsideration</u>

Local Rule of Civil Procedure 7.3 permits motions for reconsideration only where there is:

1.    intervening change in controlling law;

2.    availability of new evidence;

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 4

> 3.   the need to correct clear error or prevent manifest injustice.

LRCi 7.3.

**B.   <u>Motion for Judgment on the Pleadings</u>**

Pursuant to Federal rule of Civil Procedure 12(c) ("Rule 12(c)"), "[a]fter the pleadings are closed . . . any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *see also Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) ("A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed.") In reviewing a motion for judgment on the pleadings, the Court "views the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the [non-movant]." *Mele v. Federal Reserve Bank of N.Y.*, 359 F.3d '[pp-=251, 253 (3d Cir. 2004). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

"[J]udgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). In making this determination, the Court

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 5

may consider the well-pleaded facts in the complaint, and may also consider the answer and written instruments attached to the pleadings. *Mele*, 359 F.3d at 256 n.5.

When a plaintiff moves for judgment on the pleadings, "the question for determination is whether on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Missouri Pacific R. Co. v. National Milling co.*, 409 F.2d 882, 884-85 (3d Cir. 1969) (quoting *United States v. Blumenthal*, 315 F.2d 351, 352-53 (3d Cir. 1963) ("[T]o put it another way, the question is whether the facts alleged in the answer are material in the sense that, if proved, they will constitute a legal defense to the plaintiff's claim."); *see also Mingolla v. Minnesota Min. & Mfg. Co.*, 893 F. Supp. 499, 503 (D.V.I. 1995) ("Judgment on the pleadings under [rule] 12(c) . . . is not proper unless the undenied facts in both the complaint and the answer support judgment for the moving party as a matter of law.").

## III. ANALYSIS

### A.   Motion for Reconsideration

The parties now agree that Patterson's claim for a refund for overpayments made in the 2003 tax year was submitted by December 16, 2005, well within the three-year statute of

limitations. *See* 26 U.S.C. § 6511.[2] Likewise, the parties agree that Patterson's claim for a refund for the 2004 tax year was made on his return for that year, filed on or about October 18, 2005. Having satisfied itself that it has jurisdiction over this action, the Court will grant Patterson's motion for reconsideration and reevaluate Patterson's motion for judgment on the pleadings.

**B.    Motion for Judgment on the Pleadings**

Patterson argues that, because the VIBIR has admitted that he submitted claims for refunds and that he has not received any such refunds, he is entitled to judgment on his claim for a refund as alleged in Count One of the Complaint.

To prevail on a claim for refund under Title 26, Section 7422, a taxpayer must show that she or he "has overpaid [her or his] tax." *IA 80 Grp., Inc. v. United States*, 347 F.3d 1067, 1071 (8th Cir. 2003) (citing *Lewis v. Reynolds*, 284 U.S. 281, 284 (1932); *see also Tunnell v. United States*, 512 F.2d 1192,

---

[2] Section 6511 applies here because, in the Naval Service Appropriation Act of 1922, Congress set up a "separate taxing structure for the Virgin Islands 'mirroring' the provisions of the federal tax code" except as to those provisions in conflict with a separate tax structure. *HMW Indus., Inc. v. Wheatley*, 504 F.2d 146, 150 (3d Cir. 1974). The Virgin Islands Code mirrors the federal tax code in that " 'Virgin Islands' is in effect substituted for 'United States' (and vice versa) in the Internal Revenue Code so that, to satisfy Virgin Islands tax obligations, an individual or corporation in the Virgin Islands pays taxes to the BIR equivalent to the taxes an individual or corporation under the same circumstances in the United States would pay to the Internal Revenue Service." *Danbury, Inc. v. Olive*, 820 F.2d 618, 620 (3d Cir. 1987).

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 7

1194 (3d Cir. 1975). In essence, the taxpayer bears the burden
of proving "that the [Virgin Islands] has money which belongs to
[her or him]." *Id*. The burden likewise lies with the taxpayer to
prove the amount of the overpayment. *Tunnell*, 512 F.2d at 1194.

In support of his claim for refund, Patterson has alleged
that he timely submitted claims for refunds in the amount of
$158,089 for the 2003 tax year and $166,029 for the 2004 tax
year. (Compl. ¶¶ 24 and 26.) In further support of this claim,
Patterson has attached to his Complaint copies of his Form 1040X
income tax return for the 2003 tax year (the "2003 1040X") and
his Form 1040 income tax return for the 2004 tax year (the "2004
1040"). The 2003 1040X shows that Patterson paid $292,646 in
taxes, though he only owed $126,617. (Pl.'s Ex. 2-1.) This
overpayment appears to be due to Patterson initially overstating
his income by $736,340 and understating his tax credits by
$126,564. These allegations, combined with the documents
attached to the pleadings, are sufficient to show that Patterson
was entitled to a refund of $166,029 for the 2003 tax year.

Patteron's 2004 1040 shows a total income of $5,878,440;
total credits of $964,360, and a tax penalty of $8,420. (Pl.'s
Ex. 3-1.) The 2004 1040 further showed that Patterson owed a
total tax of $771,746. However, Patterson paid $951,655. This

evidence is sufficient to show that Patterson is entitled to a refund of $171,489.

The VIBIR does not seriously dispute these claims. Instead, it argues that Patterson is not entitled to judgment as a matter of law because (1) he failed to exhaust administrative remedies prior to initiating this action; (2) he failed to join the IRS in this action, which is an indispensable party; and (3) his claim runs afoul of the Anti-Injunction Act because it in effect seeks to restrain the collection of taxes. The Court will address each of these positions in turn.

## A.   <u>Administrative Remedies</u>

The VIBIR argues that Patterson is not entitled to judgment because he is currently undergoing an audit by the United States Internal Revenue Service (the "IRS"), and has requested corresponding competent authority procedures, to determine whether he was a resident of the Virgin Islands during the 2003 and 2004 tax years.

The Virgin Islands waives sovereign immunity for tax refunds only in certain circumstances. *Cf. United States v. Dalm*, 494 U.S. 596, 608 (1990) (noting that a legislature may impose conditions on waivers of sovereign immunity). One of the conditions imposed on this waiver of sovereign immunity is that, before bringing a suit, a plaintiff must exhaust administrative

remedies. *See* 26 U.S.C. § 7422(a). A plaintiff suing for a tax refund must establish that she or he has filed a proper and timely administrative claim with the VIBIR by submitting a claim for refund within three years of filing the initial tax return. *See id*; 26 U.S.C. § 6511(a). A plaintiff must further establish that she or he received final notice of denial from the VIBIR or failed to receive a decision on the claim within six months of its filing. *See* 26 U.S.C. § 6532(a); *see also Clavizzao v. United States*, 706 F. Supp. 3d 342 (detailing how a plaintiff must prove exhaustion of local remedies).

The VIBIR does not dispute that Patterson submitted proper administrative claims for refunds for the 2003 and 2004 tax years within three years of the date he filed his returns for those years. Instead, it insists that the IRS audit and related competent authority procedures must be completed before Patterson can proceed on this claim.

In support of this position, the VIBIR relies on the decision of the District Court for the Southern District of Ohio in *Procter & Gamble Co. v. United States*, No. 1:08-cv-00608 (TSB), 2010 WL 2925099, 106 A.F.T.R.2d 2010-5311 (S.D. Ohio July 6, 2010). In that case, the plaintiff-taxpayer, Procter & Gamble Co. ("Procter & Gamble") received royalty income from South Korea. Procter & Gamble initially paid taxes on this income

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 10

stream to Japan. Proctor & Gamble was subsequently audited by

Korean authorities and ordered to pay taxes on the income to

Korea as well. Thereafter, Procter & Gamble sought to claim

foreign tax credits against its United States tax liability on

both the taxes paid to Japan and Korean. *Id.* at 2010 WL 2925099

* 7.

The IRS disallowed Procter & Gamble's claimed tax credit

for the tax payments made to Japan. Procter & Gamble challenged

this determination by bringing suit in federal court. The

District Court dismissed Procter & Gamble's claim because

Procter & Gamble had failed to challenge or otherwise reduce the

Japanese tax assessment before bringing suit, and thus had not

exhausted all its administrative remedies. *Id.* at 2010 WL

2925099 *8. The Court reasoned that were exhaustion of foreign

administrative remedies not required, "[t]axpayers would have no

incentive to challenge any foreign tax whether or not properly

imposed . . . ." *Id.*

*Procter & Gamble* is inapposite. Patterson is not seeking a

credit for taxes paid to another government. Patterson is not

claiming that he paid his taxes to the wrong government.

Patterson's claimed overpayment does not hinge on his place of

residence. He seeks a refund for overpayments to the VIBIR as he

could for overpayments to the IRS.

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 11

The VIBIR argues that, if the competent authority determines that Patterson was in fact a resident of the United States during the 2003 and 2004 tax years, it would have to transfer the taxes paid by Patterson to the United States. This argument conflates two separate issues.

First, the VIBIR seems to argue that an undisputed overpayment to one taxing authority--the VIBIR--could be transferred to and retained by another taxing authority--the IRS. This argument fails for several reasons. At the outset, the Court notes that when a taxing authority receives an overpayment, it has only two options: credit the overpayment to an existing tax liability, or issue a refund. *See Northern States Power Co. v. United States*, 73 F.3d 764, 766-67 (8th Cir. 1996); *see also* 26 C.F.R. 301.6402-1 (2012) ("The Commissioner . . . may credit any overpayment of tax . . . against any outstanding liability for any tax . . . owed by the person making the overpayment and the balance, if any, shall be refunded . . . .") An overpayment may not be retained merely on the possibility that a liability might be discovered. *Cf. Northern States Power*, 73 F.3d at 767 ("In this case . . . there were no outstanding liabilities against which the overpayments might be credited.")

Second, the gravamen of any refund claim is that the taxing authority "has money which belongs to [the taxpayer]." *IA 80 Grp.*, 347 F.3d at 1071. Patterson has alleged, and the VIBIR does not dispute, that this money belongs to him and not to the VIBIR. VIBIR hints that the money might belong to the IRS, but there is nothing on the record from which the Court might draw such a conclusion. Certainly VIBIR has adduced no reason which would justify it retaining moneys to which it has no rightful claim, for an indefinite period of time, simply on the mere possibility that it might belong to another taxing authority.

Third, the VIBIR appears to suggest that the IRS would be without remedy if Patterson owes the IRS more taxes than he paid to VIBIR. This is not the case. The IRS has three years after the filing of a return to assess any taxes. 26 U.S.C. § 6501(a). As Patterson has not filed any return with the IRS, the statute of limitations has not yet run. Accordingly, should the IRS determine Patterson owes additional taxes, it would be free to assess them.

As Patterson has shown that he timely submitted an administrative claim for refunds for the 2003 and 2004 tax years, and as it is undisputed that he did not receive a notice of disallowance within six months of the filing of those claims,

he has done all that is necessary to exhaust administrative
remedies.

**B.   Failure to Join IRS**

The VIBIR further argues that Patterson is not entitled to
judgment because he failed to join the IRS as a party.

Federal Rule of Civil Procedure 12(b)(7) permits a court to
dismiss a complaint for failure to join a party in accordance
with Federal Rule of Civil Procedure 19. Fed. R. Civ. P.
12(b)(7) ("Rule 12(b)(7)"). However, "[b]efore dismissing a
complaint under Rule 12(b)(7), a district court must determine
whether a missing party is necessary within the meaning of Rule
19." *Byas v. Legislature of the Virgin Islands*, 50 V.I. 983, 988
(D.V.I. 2008) (citing *Johnson v. Smithsonian Inst.*, 189 F.3d
180, 188 (2d Cir. 1999). In making this determination, the Court
must focus on whether the presence of the party is necessary for
the litigation to proceed:

> A person who is subject to service of process and
> whose joinder will not deprive the court of subject-
> matter jurisdiction must be joined as a party if:
>
>     (A) in that person's absence the court cannot
> accord complete relief among existing parties; or
>
>     (B) that person claims an interest relating to
> the subject of the action and is so situated that
> disposing of the action in the person's absence may:
>
>         (i) as a practical matter impair or impede
>         the person's ability to protect the interest or

> (ii) leave an existing party subject to
> substantial risk of incurring double, multiple,
> or otherwise inconsistent obligations because of
> the interest.

Fed. R. Civ. P. 19(a)(1); *see also Janney Montgomery Scott v. Shepard Niles*, 11 F.3d 399, 404 (3d Cir. 1993).

The party moving for dismissal for failure to join an indispensable party "has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 494 (S.D.N.Y. 2002) (quoting *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)) (internal quotation marks omitted).

At the outset, the Court notes that were Patterson to join the IRS, it might deprive the Court of jurisdiction. The Court recently addressed this issue in *Teffeau v. Commissioner*, Civ. No. 2010-123 (CVG) (D.V.I. Sept. 13, 2011) (slip opinion). There, the court explained:

> To the extent a taxpayer seeks a redetermination of a
> tax liability owed to the IRS, the procedure is
> similar, although, the venue for a redetermination
> action is different. Courts have recognized that
> pursuant to 26 U.S.C. § 6213, the United States has
> waived its sovereign immunity for petitions for
> redetermination brought in con6ity with the
> requirements of that statute. *See, e.g., Williams,* 243
> Fed. Appx. at 236 (9th Cir. 2007)(observing that

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 15

challenging a proposed tax deficiency in Tax Court is one of the two "alternatives under which the United States waives its sovereign immunity and consents to be sued in regard to federal income taxes"); *Mason v. Hutton*, 141 F.3d 1185, 1185 (10th Cir. 1998)(unpublished)(listing section 6213 as a statute in which the United States has waived its sovereign immunity); *Gasparutti v. United States*, 1996 WL 233782, at * 1 (C.D. Cal. Mar. 7, 1996)(noting that section 6213(a) provides a waiver of sovereign immunity "if a petition is filed. . . within 90 days after the issuance of the Notice of Deficiency provided for by 26 U.S.C. section 6212").

When the United States offers such consent to be sued, "the terms of its consent to be sued in any court define that court's jurisdiction." *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941). Section 6213 specifically directs a taxpayer to file a petition for redetermination with the Tax Court. 26 U.S.C. § 6213. That the Tax Court serves as the appropriate forum for petitions for redetermination, and not a federal district court, is well recognized. *See, e.g., Glass v. Internal Revenue Service*, 21 Fed. Appx. 870, 872 (10th Cir. 2001)("The Tax Court has exclusive jurisdiction over petitions for the redetermination of tax deficiencies, the means of challenging the merits of a tax deficiency determination."); *see also Palmer v. Comm'r of Internal Rev.*, 62 Fed. Appx. 682, 684 (7th Cir. 2003)("[T]o sue in a federal district court the taxpayer must first pay the full amount of the tax liability. . . . If the taxpayer chooses not to pay, he *must* sue in Tax Court after receiving a notice of deficiency.")(emphasis supplied).

*Teffeau v. Commissioner*, Civ. No. 2010-123 (CVG) at 8-9 (D.V.I. Sept. 13, 2011) (slip opinion).

Moreover, the VIBIR has only introduced evidence that the IRS may have an interest in collecting the taxes owed by Patterson in the 2003 and 2004 tax year. The IRS has no interest

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 16

in overpayments of taxes.[3] As Patterson is currently not seeking
to redetermine his overall tax liability, the VIBIR has failed
to show any need to join the IRS as a party.

## C.   **Anti-Injunction Act**

The VIBIR argues that granting Patterson judgment would be
a violation of the Anti-Injunction Act (the "AIA"). The AIA
provides that "no suit for the purpose of restraining the
assessment or collection of any tax shall be maintained in any
court by any person, whether or not such person is the person
against whom the tax was assessed." 26 U.S.C. § 7421. It is
well-established that this statute codifies the " 'pay and sue'
rule, which . . . requires that a taxpayer must first pay an
assessment before he seeks judicial review of that assessment."
*Westgate-California Corp. v. United States*, 496 F.2d 839, 842
(9th Cir. 1974).

Here, it is undisputed that Patterson has paid his taxes,
and only brought this action after doing so. Notwithstanding
that fact, The VIBIR argues that, while Patterson does not seek
injunctive relief, even temporary interference with the
assessment of taxes runs afoul of the AIA. In support of this
proposition, the VIBIR relies on another decision from the
Southern District of Ohio.

---

[3] For that matter, neither does the VIBIR.

In *Wolfe v. Dowlick*, Case No. C-2-79-335, 1981 WL 1756, 48 A.F.T.R.2d 81-5154 (S.D. Ohio Mar. 2, 1981), the plaintiff challenged the IRS's audit procedures as unconstitutional. The plaintiff sought a declaratory judgment that his tax deficiency "was null and void" because it was determined through an illegal audit. The court dismissed the plaintiff's claim, explaining that "The prayer for relief specifically requests a declaration that the notice of deficiency issued by defendant is null and void. . . . [T]he practical effect of the relief sought is to temporarily restrain the expeditious collection of tax." *Id.* at 1981 WL 1756 at *2.

Here, by contrast, the prayer for relief in Count One of the Complaint merely states: "the Plaintiff respectfully requests that this Honorable Court compel the [VI]BIR to refund to the Plaintiff the amounts of $166,029,00 for 2003 and 171,489,00 [*sic*] for 2004, for the amounts overpaid by the Plaintiff with statutory interest thereon and statutory professional fees incurred in seeking said refund." (Compl. at 5.) Moreover, there is no dispute that Patterson has fully paid his taxes (and them some). Thus, as Patterson's taxes--at least as far as the VIBIR is concerned--have been expediently paid, *Wolf* is inapposite. There is simply nothing in Patterson's claim

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 18

for refund that can be construed as seeking to restrain the collection of taxes.

## IV.   <u>CONCLUSION</u>

The undisputed facts of the pleadings show that Patterson is entitled to refunds for overpayments in the 2003 and 2004 tax years. The VIBIR has failed to allege any viable defense. Rather, the VIBIR's position seems guided by concerns about swelling and maintaining the public fisc. That position is unobjectionable to the extent that it recognizes the equally valid concern of maintaining just and predictable procedural safeguards. It is not clear to this Court that such recognition is attendant. Indeed, the VIBIR's insistence that a taxpayer's overpayment, to which the government has no entitlement, and about which there is no dispute, must be retained by the government, does not instill great confidence that an appropriate balance has been struck. What is even more troubling is that the VIBIR maintains its position in spite of the taxpayer having satisfactorily completed all that the law requires to receive a refund. Given that backdrop, the VIBIR invites the Court to lend its imprimatur to the VIBIR's modus operandi. Because its methods, on these facts, seems contrary to law and a sense of justice, the Court must decline that invitation.

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 19

Accordingly, judgment will be granted in favor of Patterson

on Count One of his Complaint. An appropriate order follows.

S\_____

**CURTIS V. GÓMEZ**
**Chief Judge**