DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

DAN E. PATTERSON,                        )
                                         )
               Plaintiff,                )
                                         )
          v.                             )    Civil No. 2010-126
                                         )
THE UNITED STATES VIRGIN ISLANDS,        )
and THE VIRGIN ISLANDS BUREAU OF         )
INTERNAL REVENUE,                        )
                                         )
               Defendants.               )

ATTORNEYS:

**Joseph A. DiRuzzo, III, Esq.**
Fuerst Ittleman, PL
Miami, FL
     *For the plaintiff,*

**Tamika Archer, AAG**
**Vincent Frazer, Attorney General**
Virgin Islands Department of Justice
St. Thomas, VI
     *For the defendants.*

<u>MEMORANDUM OPINION</u>

GÓMEZ, C.J.

     This matter is before the court on the plaintiff's motion

for reconsideration of the Court's September 27, 2011, Order

denying the plaintiff's motion for judgment on the pleadings.

I.    <u>FACTUAL AND PROCEDURAL HISTORY</u>

     On or about December 30, 2004, the plaintiff, Dan E.

Patterson ("Patterson"), submitted his Form 1040 income tax

return to the Virgin Islands Bureau of Internal Revenue (the

"VIBIR") for the 2003 tax year. Patterson claimed that his

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 2

taxable income for the 2003 tax year was $3,485,310, and that he

was entitled to an Economic Development Program ("EDP") tax

credit[1] in the amount of $598,327. Patterson reported an

underpayment of $158,089 for the 2003 tax year.

On or about October 18, 2005, Patterson filed a Form 1040

income tax return with the VIBIR for the 2004 tax year.

Patterson reported a taxable income of $5,861,515, and claimed

an EDP tax credit of $907,471. Patterson sought a refund of

$171,489.

On or about December 16, 2005, Patterson filed a Form 1040X

amended income tax return, requesting a refund in the amount of

$166,029 for the 2003 tax year. Patterson claimed that his

income for the 2003 tax year was in fact $2,748,970 and that he

was entitled to an EDP credit of $724,891.

Patterson initiated this action on December 10, 2010. The

Complaint asserts three counts. Count One seeks a refund from

the Virgin Islands Bureau of Internal Revenue ("VIBIR"), for the

alleged overpayment of taxes by Patterson in the 2003 and 2004

tax years. Count Two asserts a claim for unjust enrichment.

Count Three asserts a claim for conversion.

------

[1] The Economic Development Program is primarily a system of tax
exemptions, subsidies, and benefits designed to incentivize corporations to
do business in the Virgin Islands. *See* V.I. CODE ANN. tit. 29, § 701 et seq.

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 3

On February 25, 2011, after the VIBIR submitted its answer,
Patterson moved for judgment on the pleadings as to Count One of
the Complaint (the "Motion for Judgment on the Pleadings").

On September 27, 2011, the Court denied the Motion for
Judgment on the Pleadings (the "September 27, 2011, Order"). The
Court then requested that the parties submit briefs on the issue
of whether Patterson had filed his administrative claim with the
VIBIR within the applicable limitations period. *See* 26 U.S.C.
§§ 7422(a), 6511; V.I. CODE ANN. tit. 33, § 1692.

In response to the Court's September 27, 2011, Order, the
parties have submitted briefs in which they both agree that
Patterson timely filed his administrative claims for a refund.
Patterson now moves for this court to reconsider its September
27, 2011, Order, and to grant him judgment on the pleadings.

To date, no motions have been filed with respect to Counts
Two or Three of the Complaint.

## II.  DISCUSSION

### A.  Motion for Reconsideration

Local Rule of Civil Procedure 7.3 permits motions for
reconsideration only where there is:

1.   intervening change in controlling law;

2.   availability of new evidence;

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 4

      3.    the need to correct clear error or prevent manifest injustice.

LRCi 7.3.

## B.   Motion for Judgment on the Pleadings

Pursuant to Federal rule of Civil Procedure 12(c) ("Rule 12(c)"), "[a]fter the pleadings are closed . . . any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *see also Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) ("A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed.") In reviewing a motion for judgment on the pleadings, the Court "views the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the [non-movant]." *Mele v. Federal Reserve Bank of N.Y.*, 359 F.3d '[pp-=251, 253 (3d Cir. 2004). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

"[J]udgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). In making this determination, the Court

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 5

may consider the well-pleaded facts in the complaint, and may
also consider the answer and written instruments attached to the
pleadings. *Mele*, 359 F.3d at 256 n.5.

When a plaintiff moves for judgment on the pleadings, "the
question for determination is whether on the undenied facts
alleged in the complaint and assuming as true all the material
allegations of fact in the answer, the plaintiff is entitled to
judgment as a matter of law." *Missouri Pacific R. Co. v.
National Milling co.*, 409 F.2d 882, 884-85 (3d Cir. 1969)
(quoting *United States v. Blumenthal*, 315 F.2d 351, 352-53 (3d
Cir. 1963) ("[T]o put it another way, the question is whether
the facts alleged in the answer are material in the sense that,
if proved, they will constitute a legal defense to the
plaintiff's claim."); *see also Mingolla v. Minnesota Min. & Mfg.
Co.*, 893 F. Supp. 499, 503 (D.V.I. 1995) ("Judgment on the
pleadings under [rule] 12(c) . . . is not proper unless the
undenied facts in both the complaint and the answer support
judgment for the moving party as a matter of law.").

### III. ANALYSIS

#### A.    Motion for Reconsideration

The parties now agree that Patterson's claim for a refund
for overpayments made in the 2003 tax year was submitted by
December 16, 2005, well within the three-year statute of

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 6

limitations. *See* 26 U.S.C. § 6511.[2] Likewise, the parties agree

that Patterson's claim for a refund for the 2004 tax year was

made on his return for that year, filed on or about October 18,

2005. Having satisfied itself that it has jurisdiction over this

action, the Court will grant Patterson's motion for

reconsideration and reevaluate Patterson's motion for judgment

on the pleadings.

**B.    Motion for Judgment on the Pleadings**

Patterson argues that, because the VIBIR has admitted that

he submitted claims for refunds and that he has not received any

such refunds, he is entitled to judgment on his claim for a

refund as alleged in Count One of the Complaint.

To prevail on a claim for refund under Title 26, Section

7422, a taxpayer must show that she or he "has overpaid [her or

his] tax." *IA 80 Grp., Inc. v. United States*, 347 F.3d 1067,

1071 (8th Cir. 2003) (citing *Lewis v. Reynolds*, 284 U.S. 281,

284 (1932); *see also Tunnell v. United States*, 512 F.2d 1192,

---

[2] Section 6511 applies here because, in the Naval Service Appropriation
Act of 1922, Congress set up a "separate taxing structure for the Virgin
Islands 'mirroring' the provisions of the federal tax code" except as to
those provisions in conflict with a separate tax structure. *HMW Indus., Inc.
v. Wheatley*, 504 F.2d 146, 150 (3d Cir. 1974). The Virgin Islands Code
mirrors the federal tax code in that " 'Virgin Islands' is in effect
substituted for 'United States' (and vice versa) in the Internal Revenue Code
so that, to satisfy Virgin Islands tax obligations, an individual or
corporation in the Virgin Islands pays taxes to the BIR equivalent to the
taxes an individual or corporation under the same circumstances in the United
States would pay to the Internal Revenue Service." *Danbury, Inc. v. Olive*,
820 F.2d 618, 620 (3d Cir. 1987).

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 7

1194 (3d Cir. 1975). In essence, the taxpayer bears the burden

of proving "that the [Virgin Islands] has money which belongs to

[her or him]." *Id.* The burden likewise lies with the taxpayer to

prove the amount of the overpayment. *Tunnell*, 512 F.2d at 1194.

In support of his claim for refund, Patterson has alleged

that he timely submitted claims for refunds in the amount of

$158,089 for the 2003 tax year and $166,029 for the 2004 tax

year. (Compl. ¶¶ 24 and 26.) In further support of this claim,

Patterson has attached to his Complaint copies of his Form 1040X

income tax return for the 2003 tax year (the "2003 1040X") and

his Form 1040 income tax return for the 2004 tax year (the "2004

1040"). The 2003 1040X shows that Patterson paid $292,646 in

taxes, though he only owed $126,617. (Pl.'s Ex. 2-1.) This

overpayment appears to be due to Patterson initially overstating

his income by $736,340 and understating his tax credits by

$126,564. These allegations, combined with the documents

attached to the pleadings, are sufficient to show that Patterson

was entitled to a refund of $166,029 for the 2003 tax year.

Patteron's 2004 1040 shows a total income of $5,878,440;

total credits of $964,360, and a tax penalty of $8,420. (Pl.'s

Ex. 3-1.) The 2004 1040 further showed that Patterson owed a

total tax of $771,746. However, Patterson paid $951,655. This

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 8

evidence is sufficient to show that Patterson is entitled to a

refund of $171,489.

The VIBIR does not seriously dispute these claims. Instead,

it argues that Patterson is not entitled to judgment as a matter

of law because (1) he failed to exhaust administrative remedies

prior to initiating this action; (2) he failed to join the IRS

in this action, which is an indispensable party; and (3) his

claim runs afoul of the Anti-Injunction Act because it in effect

seeks to restrain the collection of taxes. The Court will

address each of these positions in turn.

## A.   Administrative Remedies

The VIBIR argues that Patterson is not entitled to judgment

because he is currently undergoing an audit by the United States

Internal Revenue Service (the "IRS"), and has requested

corresponding competent authority procedures, to determine

whether he was a resident of the Virgin Islands during the 2003

and 2004 tax years.

The Virgin Islands waives sovereign immunity for tax

refunds only in certain circumstances. *Cf. United States v.*

*Dalm*, 494 U.S. 596, 608 (1990) (noting that a legislature may

impose conditions on waivers of sovereign immunity). One of the

conditions imposed on this waiver of sovereign immunity is that,

before bringing a suit, a plaintiff must exhaust administrative

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 9

remedies. *See* 26 U.S.C. § 7422(a). A plaintiff suing for a tax

refund must establish that she or he has filed a proper and

timely administrative claim with the VIBIR by submitting a claim

for refund within three years of filing the initial tax return.

*See id*; 26 U.S.C. § 6511(a). A plaintiff must further establish

that she or he received final notice of denial from the VIBIR or

failed to receive a decision on the claim within six months of

its filing. *See* 26 U.S.C. § 6532(a); *see also Clavizzao v.*

*United States*, 706 F. Supp. 3d 342 (detailing how a plaintiff

must prove exhaustion of local remedies).

The VIBIR does not dispute that Patterson submitted proper

administrative claims for refunds for the 2003 and 2004 tax

years within three years of the date he filed his returns for

those years. Instead, it insists that the IRS audit and related

competent authority procedures must be completed before

Patterson can proceed on this claim.

In support of this position, the VIBIR relies on the

decision of the District Court for the Southern District of Ohio

in *Procter & Gamble Co. v. United States*, No. 1:08-cv-00608

(TSB), 2010 WL 2925099, 106 A.F.T.R.2d 2010-5311 (S.D. Ohio July

6, 2010). In that case, the plaintiff-taxpayer, Procter & Gamble

Co. ("Procter & Gamble") received royalty income from South

Korea. Procter & Gamble initially paid taxes on this income

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 10

stream to Japan. Proctor & Gamble was subsequently audited by

Korean authorities and ordered to pay taxes on the income to

Korea as well. Thereafter, Procter & Gamble sought to claim

foreign tax credits against its United States tax liability on

both the taxes paid to Japan and Korean. *Id.* at 2010 WL 2925099

* 7.

The IRS disallowed Procter & Gamble's claimed tax credit

for the tax payments made to Japan. Procter & Gamble challenged

this determination by bringing suit in federal court. The

District Court dismissed Procter & Gamble's claim because

Procter & Gamble had failed to challenge or otherwise reduce the

Japanese tax assessment before bringing suit, and thus had not

exhausted all its administrative remedies. *Id.* at 2010 WL

2925099 *8. The Court reasoned that were exhaustion of foreign

administrative remedies not required, "[t]axpayers would have no

incentive to challenge any foreign tax whether or not properly

imposed . . . ." *Id.*

*Procter & Gamble* is inapposite. Patterson is not seeking a

credit for taxes paid to another government. Patterson is not

claiming that he paid his taxes to the wrong government.

Patterson's claimed overpayment does not hinge on his place of

residence. He seeks a refund for overpayments to the VIBIR as he

could for overpayments to the IRS.

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 11

The VIBIR argues that, if the competent authority
determines that Patterson was in fact a resident of the United
States during the 2003 and 2004 tax years, it would have to
transfer the taxes paid by Patterson to the United States. This
argument conflates two separate issues.

First, the VIBIR seems to argue that an undisputed
overpayment to one taxing authority--the VIBIR--could be
transferred to and retained by another taxing authority--the
IRS. This argument fails for several reasons. At the outset, the
Court notes that when a taxing authority receives an
overpayment, it has only two options: credit the overpayment to
an existing tax liability, or issue a refund. *See Northern
States Power Co. v. United States*, 73 F.3d 764, 766-67 (8th Cir.
1996); *see also* 26 C.F.R. 301.6402-1 (2012) ("The
Commissioner . . . may credit any overpayment of
tax . . . against any outstanding liability for any
tax . . . owed by the person making the overpayment and the
balance, if any, shall be refunded . . . .") An overpayment may
not be retained merely on the possibility that a liability might
be discovered. *Cf. Northern States Power*, 73 F.3d at 767 ("In
this case . . . there were no outstanding liabilities against
which the overpayments might be credited.")

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 12

Second, the gravamen of any refund claim is that the taxing authority "has money which belongs to [the taxpayer]." *IA 80 Grp.*, 347 F.3d at 1071. Patterson has alleged, and the VIBIR does not dispute, that this money belongs to him and not to the VIBIR. VIBIR hints that the money might belong to the IRS, but there is nothing on the record from which the Court might draw such a conclusion. Certainly VIBIR has adduced no reason which would justify it retaining moneys to which it has no rightful claim, for an indefinite period of time, simply on the mere possibility that it might belong to another taxing authority.

Third, the VIBIR appears to suggest that the IRS would be without remedy if Patterson owes the IRS more taxes than he paid to VIBIR. This is not the case. The IRS has three years after the filing of a return to assess any taxes. 26 U.S.C. § 6501(a). As Patterson has not filed any return with the IRS, the statute of limitations has not yet run. Accordingly, should the IRS determine Patterson owes additional taxes, it would be free to assess them.

As Patterson has shown that he timely submitted an administrative claim for refunds for the 2003 and 2004 tax years, and as it is undisputed that he did not receive a notice of disallowance within six months of the filing of those claims,

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 13

he has done all that is necessary to exhaust administrative remedies.

## B.   Failure to Join IRS

The VIBIR further argues that Patterson is not entitled to judgment because he failed to join the IRS as a party.

Federal Rule of Civil Procedure 12(b)(7) permits a court to dismiss a complaint for failure to join a party in accordance with Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7) ("Rule 12(b)(7)"). However, "[b]efore dismissing a complaint under Rule 12(b)(7), a district court must determine whether a missing party is necessary within the meaning of Rule 19." *Byas v. Legislature of the Virgin Islands*, 50 V.I. 983, 988 (D.V.I. 2008) (citing *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188 (2d Cir. 1999). In making this determination, the Court must focus on whether the presence of the party is necessary for the litigation to proceed:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>     (A) in that person's absence the court cannot accord complete relief among existing parties; or
>
>     (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>         (i) as a practical matter impair or impede the person's ability to protect the interest or

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 14

         (ii) leave an existing party subject to
    substantial risk of incurring double, multiple,
    or otherwise inconsistent obligations because of
    the interest.

Fed. R. Civ. P. 19(a)(1); *see also Janney Montgomery Scott v.*

*Shepard Niles*, 11 F.3d 399, 404 (3d Cir. 1993).

    The party moving for dismissal for failure to join an

indispensable party "has the burden of producing evidence

showing the nature of the interest possessed by an absent party

and that the protection of that interest will be impaired by the

absence." *Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 494

(S.D.N.Y. 2002) (quoting *Citizen Band Potawatomi Indian Tribe v.*

*Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)) (internal

quotation marks omitted).

    At the outset, the Court notes that were Patterson to join

the IRS, it might deprive the Court of jurisdiction. The Court

recently addressed this issue in *Teffeau v. Commissioner*, Civ.

No. 2010-123 (CVG) (D.V.I. Sept. 13, 2011) (slip opinion).

There, the court explained:

    To the extent a taxpayer seeks a redetermination of a
    tax liability owed to the IRS, the procedure is
    similar, although, the venue for a redetermination
    action is different. Courts have recognized that
    pursuant to 26 U.S.C. § 6213, the United States has
    waived its sovereign immunity for petitions for
    redetermination brought in con6ity with the
    requirements of that statute. *See, e.g., Williams,* 243
    Fed. Appx. at 236 (9th Cir. 2007)(observing that

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 15

challenging a proposed tax deficiency in Tax Court is one of the two "alternatives under which the United States waives its sovereign immunity and consents to be sued in regard to federal income taxes"); *Mason v. Hutton*, 141 F.3d 1185, 1185 (10th Cir. 1998)(unpublished)(listing section 6213 as a statute in which the United States has waived its sovereign immunity); *Gasparutti v. United States*, 1996 WL 233782, at * 1 (C.D. Cal. Mar. 7, 1996)(noting that section 6213(a) provides a waiver of sovereign immunity "if a petition is filed. . . within 90 days after the issuance of the Notice of Deficiency provided for by 26 U.S.C. section 6212").

When the United States offers such consent to be sued, "the terms of its consent to be sued in any court define that court's jurisdiction." *U.S. v. Sherwood,* 312 U.S. 584, 586 (1941). Section 6213 specifically directs a taxpayer to file a petition for redetermination with the Tax Court. 26 U.S.C. § 6213. That the Tax Court serves as the appropriate forum for petitions for redetermination, and not a federal district court, is well recognized. *See, e.g., Glass v. Internal Revenue Service*, 21 Fed. Appx. 870, 872 (10th Cir. 2001)("The Tax Court has exclusive jurisdiction over petitions for the redetermination of tax deficiencies, the means of challenging the merits of a tax deficiency determination."); *see also Palmer v. Comm'r of Internal Rev.*, 62 Fed. Appx. 682, 684 (7th Cir. 2003)("[T]o sue in a federal district court the taxpayer must first pay the full amount of the tax liability. . . . If the taxpayer chooses not to pay, he *must* sue in Tax Court after receiving a notice of deficiency.")(emphasis supplied).

*Teffeau v. Commissioner*, Civ. No. 2010-123 (CVG) at 8-9 (D.V.I. Sept. 13, 2011) (slip opinion).

Moreover, the VIBIR has only introduced evidence that the IRS may have an interest in collecting the taxes owed by Patterson in the 2003 and 2004 tax year. The IRS has no interest

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 16

in overpayments of taxes.[3] As Patterson is currently not seeking to redetermine his overall tax liability, the VIBIR has failed to show any need to join the IRS as a party.

## C.   Anti-Injunction Act

The VIBIR argues that granting Patterson judgment would be a violation of the Anti-Injunction Act (the "AIA"). The AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom the tax was assessed." 26 U.S.C. § 7421. It is well-established that this statute codifies the " 'pay and sue' rule, which . . . requires that a taxpayer must first pay an assessment before he seeks judicial review of that assessment." *Westgate-California Corp. v. United States*, 496 F.2d 839, 842 (9th Cir. 1974).

Here, it is undisputed that Patterson has paid his taxes, and only brought this action after doing so. Notwithstanding that fact, The VIBIR argues that, while Patterson does not seek injunctive relief, even temporary interference with the assessment of taxes runs afoul of the AIA. In support of this proposition, the VIBIR relies on another decision from the Southern District of Ohio.

---

[3] For that matter, neither does the VIBIR.

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 17

In *Wolfe v. Dowlick*, Case No. C-2-79-335, 1981 WL 1756, 48 A.F.T.R.2d 81-5154 (S.D. Ohio Mar. 2, 1981), the plaintiff challenged the IRS's audit procedures as unconstitutional. The plaintiff sought a declaratory judgment that his tax deficiency "was null and void" because it was determined through an illegal audit. The court dismissed the plaintiff's claim, explaining that "The prayer for relief specifically requests a declaration that the notice of deficiency issued by defendant is null and void. . . . [T]he practical effect of the relief sought is to temporarily restrain the expeditious collection of tax." *Id.* at 1981 WL 1756 at *2.

Here, by contrast, the prayer for relief in Count One of the Complaint merely states: "the Plaintiff respectfully requests that this Honorable Court compel the [VI]BIR to refund to the Plaintiff the amounts of $166,029,00 for 2003 and 171,489,00 [*sic*] for 2004, for the amounts overpaid by the Plaintiff with statutory interest thereon and statutory professional fees incurred in seeking said refund." (Compl. at 5.) Moreover, there is no dispute that Patterson has fully paid his taxes (and them some). Thus, as Patterson's taxes--at least as far as the VIBIR is concerned--have been expediently paid, *Wolf* is inapposite. There is simply nothing in Patterson's claim

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 18

for refund that can be construed as seeking to restrain the
collection of taxes.

## IV.   CONCLUSION

The undisputed facts of the pleadings show that Patterson
is entitled to refunds for overpayments in the 2003 and 2004 tax
years. The VIBIR has failed to allege any viable defense.
Rather, the VIBIR's position seems guided by concerns about
swelling and maintaining the public fisc. That position is
unobjectionable to the extent that it recognizes the equally
valid concern of maintaining just and predictable procedural
safeguards. It is not clear to this Court that such recognition
is attendant. Indeed, the VIBIR's insistence that a taxpayer's
overpayment, to which the government has no entitlement, and
about which there is no dispute, must be retained by the
government, does not instill great confidence that an
appropriate balance has been struck. What is even more troubling
is that the VIBIR maintains its position in spite of the
taxpayer having satisfactorily completed all that the law
requires to receive a refund. Given that backdrop, the VIBIR
invites the Court to lend its imprimatur to the VIBIR's modus
operandi. Because its methods, on these facts, seems contrary to
law and a sense of justice, the Court must decline that
invitation.

*Patterson v. United States Virgin Islands*
Civil No. 2010-126
Memorandum Opinion
Page 19

Accordingly, judgment will be granted in favor of Patterson

on Count One of his Complaint. An appropriate order follows.



                                        S_____
                                           **CURTIS V. GÓMEZ**
                                            **Chief Judge**