```
              DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN
```

DAN E. PATTERSON,                     )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )   Civil No. 2010-126
                                      )
THE UNITED STATES VIRGIN ISLANDS,     )
and THE VIRGIN ISLANDS BUREAU OF      )
INTERNAL REVENUE,                     )
                                      )
        Defendants.                   )

ATTORNEYS:

**Joseph A. DiRuzzo, III, Esq.**
Fuerst Ittleman, PL
Miami, FL
    *For the plaintiff,*

**Vincent Frazer, Attorney General**
**Tamika Archer, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
    *For the defendants.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendants, the United States Virgin Islands and the Virgin Islands Bureau of Internal Revenue (collectively, the "Virgin Islands") for reconsideration of the September 26, 2012, judgment entered in this matter. The plaintiff, Dan E. Patterson ("Patterson"), opposes the motion.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On or about December 30, 2004, Patterson submitted his Form 1040 income tax return to the Virgin Islands Bureau of Internal Revenue (the "VIBIR") for the 2003 tax year. Patterson claimed that his taxable income for the 2003 tax year was $3,485,310, and that he was entitled to an Economic Development Program ("EDP")[1] tax credit in the amount of $598,327.

On or about October 18, 2005, Patterson filed a Form 1040 income tax return with the VIBIR for the 2004 tax year. Patterson reported a taxable income of $5,861,515, and claimed an EDP tax credit of $907,471. Patterson sought a refund of $171,489.

On or about December 16, 2005, Patterson filed a Form 1040X amended income tax return, requesting a refund in the amount of $166,029 for the 2003 tax year. Patterson claimed that his income for the 2003 tax year was in fact $2,748,970 and that he was actually entitled to an EDP credit of $724,891.

Patterson initiated this action on December 10, 2010. His Complaint asserts three counts. Count One seeks a refund for the alleged overpayment of taxes by Patterson in the 2003 and 2004

---

[1] The Economic Development Program is primarily a system of tax exemptions, subsidies, and benefits, which provides incentives to corporations to do business in the Virgin Islands. *See* V.I. CODE ANN. tit. 29, § 701, et. seq.

tax years. Count Two asserts a claim for unjust enrichment. Count Three asserts a claim for conversion.

On February 25, 2011, after the Virgin Islands submitted its answer, Patterson moved for judgment on the pleadings as to Count One of the Complaint.

On September 26, 2012, the Court granted Patterson's motion and entered judgment in his favor with respect to Count One, and ordered the Virgin Islands to pay Patterson the refunds he sought. The Virgin Islands now moves for reconsideration of the September 26, 2012, judgment.

## II. DISCUSSION

Local Rule of Civil Procedure 7.3 permits motions for reconsideration only where there is

1. intervening change in controlling law;
2. availability of new evidence;
3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already

addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818 (JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting BLACK'S LAW DICTIONARY 974 (7th ed. 1999)). "[M]ost cases . . . use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

### III. ANALYSIS

The Virgin Islands argues that reconsideration is warranted because the September 26, 2012, judgment was based on disputed facts.

When a plaintiff moves for judgment on the pleadings, "the question for determination is whether on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to

judgment as a matter of law." *Missouri Pacific R. Co. v. Nat'l Milling Co.*, 409 F.2d 882, 884-85 (3d Cir. 1969) (quoting *United States v. Blumenthal*, 315 F.2d 351, 352-53 (3d Cir. 1963). "[J]udgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). The Court is to "view[] the facts alleged in the pleadings and inferences to be drawn from those facts in the light most favorable to the [non-movant]." *Mele v. Fed. Reserve Bank*, 359 F.3d 251, 253 (3d Cir. 2004).

Here, Patterson sought judgment on the pleadings with respect to Count One of his complaint, in which he asserted a claim for a tax refund. To prevail on a claim for refund under Title 26, Section 7422, a taxpayer must show that he "has overpaid his tax." *IA 80 Grp., Inc. v. United States*, 347 F.3d 1067, 1071 (8th Cir. 2003) (citing *Lewis v. Reynolds*, 284 U.S. 281, 284 (1932)); *see also Tunnell v. United States*, 512 F.2d 1192, 1194 (3d Cir. 1975). In essences the taxpayer bears the burden of proving "that the [government] has money which belongs to him." *IA 80 Grp.*, 347 F.3d at 1071. The burden likewise lies with the taxpayer to prove the amount of the overpayment. *Tunnell*, 512 F.2d at 1194.

In his complaint, Patterson alleges:

> 11. Plaintiff filed his 2003 Amended Tax Return (Form 1040X) with the [VI]BIR. . . .
>
> 12. Plaintiff's 2003 Amended Income Tax Return reflected an overpayment in the amount of $166,029.00. On the Plaintiff's 2003 Amended Income Tax Return he requested that the overpayment be refunded.
>
> 13. Plaintiff filed his 2004 Income Tax Return (Form 1040) with the [VI]BIR. . . . .
>
> 14. Plaintiff's 2004 Income Tax Return reflected an overpayment in the amount of $171,489.00. On the Plaintiff's 2004 Income Tax Return he requested that the overpayment be refunded.

(Compl. ¶¶ 11-14, 21.) In support of these allegations, Patterson also attached to his Complaint his tax returns for the relevant tax years. (Pl.'s Compl., Exs. 2-1; 3-1.) Patterson also alleges that for the 2003 and 2004 tax years, he "paid all taxes owing . . . to the [VI]BIR." (Compl. ¶¶ 21, 25.) Thus, he claims he is entitled to refunds in the amount of $166,029 for the 2003 tax year and $171,489 for the 2004 tax year. (Compl. ¶¶ 24, 26.) Patterson further alleges that, in spite of his repeated requests, he "has yet to obtain his 2004 or 2003 tax refunds from the [VI]BIR." (Compl. ¶ 21.)

In its answer, the Virgin Islands alleges:

> 11. [The Virgin Islands] admit[s] that [Patterson] filed his 2003 Amended Income Tax Return (Form 1040X) with the Virgin [VIBIR] . . . .

>  12. [The Virgin Islands] are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 12[.]
>
>  13. [The Virgin Islands] admit[s] that [Patterson] filed his 2004 Income Tax Return (Form 1040) with the [VIBIR] . . . .
>
>  14. -The Virgin Islands are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14.

(Answer ¶¶ 11-14.) The Virgin Islands also alleges that it was "without knowledge or information sufficient to form a belief as to the truth or falsity" of the statements contained in Patterson's tax returns. (Compl. ¶¶ 11, 13.) The Virgin Islands further denies that Patterson is "entitled to all of the tax refund that he seeks from the [VIBIR]." (Compl. ¶ 21.)

Federal Rule of Civil Procedure 8 provides, in pertinent part, that "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5). Thus, it would appear that the Virgin Islands denied certain facts essential to Patterson's claim, including whether or not he paid all the taxes that he owed. This dispute of fact would ordinarily be sufficient to resist judgment on the pleadings.

Patterson argues that courts have recognized that "if the matter alleged in the averment was a matter of record peculiarly

within the control and knowledge of the defendant, an answer that defendant was without knowledge or information sufficient to form a belief [does] not constitute a denial under Fed. R. Civ. P. 8(b)." *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 446-47 (E.D. Pa. 1973) (citing *Am. Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745 (7th Cir. 1966); *Harvey Aluminum, Inc. v. NLRB*, 335 F.2d 749 (9th Cir. 1964)); *see also Fidelity & Guar. Ins. Co. v. Keystone Contractors, Inc.*, 2002 WL 1870476, at *2 (E.D. Pa. Aug. 14, 2002) (finding the defendants' "attempts to deny sufficient knowledge or information on matters clearly within the scope of their knowledge to be so blatantly evasive as to be ineffective as denials.") (citing WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1262 (1990)).

Thus, for example, in *American Photocopy Equipment Co. v. Rovico, Inc.*, 359 F.2d 745 (7th Cir. 1966), at issue in a counterclaim was whether or not a patent licensing fee was excessive. In response to the defendant's allegations, the plaintiff, the issuer of the patent license, denied having knowledge of the fees it charged the defendant. The Court of Appeals for the Seventh Circuit held that this denial was incredible, as the patent-licenser surely must know of the fees it charges. The court accordingly construed the plaintiff's reply as an admission of the defendant's charge. *Id.* at 746.

In the present case, the Virgin Islands certainly is aware of the amount of money Patterson in fact paid in taxes. At the same time, the Virgin Islands is not well-positioned to know precisely how much income Patterson earned in the 2003 and 2004 tax years, and thus how much taxes Patterson in fact owed. Significantly, there is no allegation in the complaint as to the amount of income that Patterson earned. Clearly, that information is not "peculiarly within the control and knowledge," *David*, 58 F.R.D. at 446, of the Virgin Islands. The amount of income received is a necessary component of any analysis that seeks to determine the amount of taxes due. Absent such income information, a definitive determination of the income taxes owed and whether there was a tax overpayment would be elusive.

Moreover, the Virgin Islands is certainly not bound by the representations made on a taxpayer's return. Indeed, the tax code contemplates that a tax deficiency may exist even when a tax return is filed indicating no taxes are owed. *See* 26 U.S.C. § 2611(b) (defining deficiency to mean, among other things, the amount by which the tax due exceeds the amount the taxpayer claims to have paid).

In the alternative, Patterson argues that the Virgin Islands is estopped from denying his claim for refund because it failed to issue a notice of deficiency within the statutory

period.[2] However, the Supreme Court has made clear that even where the statute of limitations "bar[s] the assessment and collection of any additional sum, it does not obliterate the right of the [Government] to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded." *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932); *see also Bachner v. Comm'r*, 81 F.3d 1274, 1277 (3d Cir. 1996) (holding that the statute of limitations only bars the assessment or collection of taxes, and thus is not determinative of a refund claim filed by the taxpayer).

The record thus shows that the Virgin Islands denied facts material to Patterson's claims. In particular, the Virgin Islands unambiguously denied Patterson's core contention: that he was entitled to a refund. Thus, Patterson manifestly failed to "establishe[] that no material issue of fact remain[ed] to be resolved and that he [wa]s entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). The judgment entered in Patterson's favor thus cannot stand.

---

[2] Title 26, Section 6501 of the United States Code provides, in pertinent part, that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed . . . ." 26 U.S.C. § 6511.

An appropriate order follows.

                                                  S\_____
                                                     **CURTIS V. GÓMEZ**
                                                       **Chief Judge**