```
            DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

DAN E. PATTERSON,                     )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )   Civil No. 2010-126
                                      )
THE UNITED STATES VIRGIN ISLANDS,     )
and THE VIRGIN ISLANDS BUREAU OF      )
INTERNAL REVENUE,                     )
                                      )
          Defendants.                 )
```

ATTORNEYS:

**Joseph A. DiRuzzo, III, Esq.**
St. Thomas, U.S.V.I.
　　*For the plaintiff,*

**Aquanette Y. Chinnery, Esq., AAG**
St. Thomas, U.S.V.I.
　　*For the defendants.*


### MEMORANDUM OPINION

Before the Court is the complaint of Dan E. Patterson ("Patterson"). Patterson seeks a refund of his tax payment for tax year 2004 from the Virgin Islands Bureau of Internal Revenue.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 2005, Patterson filed a Form 4868 with the United States Internal Revenue Service (the "IRS"). Form 4868 extends the deadline by which a taxpayer has to file his or her tax return. It does not change the date by which the taxpayer must pay his or her taxes. By filing his Form 4868, the date by

Case: 3:10-cv-00126-CVG-RM   Document #: 83   Filed: 02/12/14   Page 2 of 11

Patterson v. U.S.V.I et al.
Civil No. 2010-126
Memo Op.
Page 2

which Patterson had to file his tax year 2004 tax return was extended to August 15, 2005.  Along with Form 4868, Patterson included a check in the amount of $813,000.

Thereafter, on August 12, 2005, Patterson filed a Form 2688 (Application for Additional Extension of Time to File U.S. Individual Income Tax Return) with the Virgin Islands Bureau of Internal Revenue (the "VIBIR").  In doing so, Patterson sought an extension until October 15, 2005, to file his 2004 tax return with the VIBIR.  Like Form 4868, Form 2688 did not extend the time by which Patterson had to pay his taxes, it only shifted the date by which he had to file his tax return.  Patterson did not submit a check or money in any form to the VIBIR.

Patterson filed his 2004 income tax return (Form 1040) with the VIBIR on October 18, 2005.  Patterson's Form 1040 reflected taxable income in the amount of $5,861,515.  It also reflected tax credits in the amount of $964,360.  Attached to his Form 1040, Patterson included a copy of the check for $813,000 that he had sent to the IRS.  The VIBIR at no point received the original check.

Patterson's Form 1040 reflected an overpayment in the amount of $179,909.  Thereafter, Patterson sent a number of

Case: 3:10-cv-00126-CVG-RM   Document #: 83   Filed: 02/12/14   Page 3 of 11

Patterson v. U.S.V.I et al.
Civil No. 2010-126
Memo Op.
Page 3

requests to the VIBIR asking for a refund in the amount of $171,489.[1]  VIBIR did not issue a refund.

On December 10, 2010, Patterson filed a complaint seeking, *inter alia*, a tax refund for tax year 2004 from the VIBIR.  On February 25, 2011, after the Virgin Islands submitted its answer, Patterson moved for judgment on the pleadings as to his tax refund claim.

On September 26, 2012, the Court granted Patterson's motion and entered judgment in his favor with respect to his claim for a tax refund, and ordered the Virgin Islands to pay Patterson the refund he sought.  The VIBIR moved for reconsideration of the Court's September 26, 2012, judgment.  On May 8, 2013, this Court granted the VIBIR's motion and vacated the earlier judgment.

A status conference was held on August 14, 2013, at which both parties agreed to trial on the papers.

The IRS audited Patterson for tax year 2004, in order to determine if he was a bona fide resident of the Virgin Islands during that time.  While the audit was ongoing, the VIBIR requested from the IRS the monies that Patterson had sent to the IRS. The IRS informed the VIBIR by letter (the "IRS letter") on September 12, 2013, that it had determined that Patterson was

---

[1] It is unclear from the record why Patterson asked for a refund of $171,489 when his tax return indicated overpayment in the amount of $179,909.

not a bona fide resident of the Virgin Islands for tax year 2004. The IRS went on to state that it was therefore denying in full the VIBIR's request for the monies Patterson had sent to the IRS.[2]

## II. DISCUSSION

To prevail on a claim for refund under Title 26, Section 7422, a taxpayer must show that she or he "has overpaid [her or his] tax." *IA 80 Grp., Inc. v. United States*, 347 F.3d 1067,

---

[2] On September 19, 2013, Patterson moved to strike the IRS letter. The IRS letter was submitted with the VIBIR's trial brief on September 13, 2013. Patterson argued that this violated Fed. R. Civ. P. 26. Additionally Patterson alleged that admission of the IRS letter would violate the Federal Rules of Evidence.

In considering Patterson's argument that the IRS letter should be excluded as violative of Rule 26, the court considers: 1) any willfulness, bad faith, or fault on the part of the defendant; 2) any prejudice or surprise to Patterson; 3) the likelihood of disruption; and 4) Patterson's ability to cure any prejudice. *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995). The Court recognizes that the IRS letter was provided after the submission deadline. The IRS letter was not received by the VIBIR until September 12, 2013, however, and the VIBIR provided it at the earliest opportunity, September 13, 2013. Nothing has been put forth which suggests the VIBIR was willful or acted in bad faith. The Court finds that any prejudice to Patterson is minimal and could be cured. The IRS letter only bolsters the argument the VIBIR was already making – that the VIBIR had never received the funds Patterson paid to the IRS. Additionally, Patterson was aware previous to receipt of the IRS letter that the IRS was auditing him to determine his residency. Finally, Patterson had the opportunity to file a reply brief in this case, and did so, which allowed him to address the IRS letter.

As to Patterson's contentions that the IRS letter cannot come in pursuant to the Federal Rules of Evidence, as it is hearsay and not properly authenticated, the Court finds that the original affidavit submitted on September 18, 2013, is sufficient to meet the requirements of Federal Rule of Evidence 902(11). Additionally, the Court finds that the affidavit indicates that: 1) the record was made at or near the time by, or with information transmitted by, someone with knowledge; 2) the keeping of such a record was part of the affiant's regularly conducted business for the VIBIR; 3) that making the record was regular practice; and 4) that the conditions were shown by certification complying with Rule 902(11). As such, the IRS letter falls within an exception to the hearsay rule.

Case: 3:10-cv-00126-CVG-RM Document #: 83 Filed: 02/12/14 Page 5 of 11

Patterson v. U.S.V.I et al.
Civil No. 2010-126
Memo Op.
Page 5

1071 (8th Cir. 2003) (citing *Lewis v. Reynolds*, 284 U.S. 281, 284 (1932); *see also Tunnell v. United States*, 512 F.2d 1192, 1194 (3d Cir. 1975). In essence, the taxpayer bears the burden of proving, by a preponderance of the evidence "that the [taxing entity] has money which belongs to [him or her]." *IA 80 Grp., Inc.*, 347 F.3d at 1071; *see also Francisco v. United States*, 267 F.3d 303, 319 (3d Cir. 2001). The burden likewise lies with the taxpayer to prove the amount of the overpayment. *Tunnell*, 512 F.2d at 1194.

### III. ANALYSIS

The Third Circuit recently summarized the Virgin Islands tax law as follows:

> In the Naval Service Appropriation Act of 1922, Congress passed legislation applying the Internal Revenue Code of the United States to the Virgin Islands. *See* Pub. L. 94-932 (codified at 48 U.S.C. § 1397); *Chase Manhattan Bank, NA. v. Gov't of the Virgin Islands*, 300 F.3d 320, 322 (3d Cir.2002). This legislation provides that "[t]he income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands." 48 U.S.C. § 1397. This statutory scheme has come to be known as the "mirror code" because Congress designed Virgin Islands tax law to mirror the tax laws in effect on the mainland. *Chase Manhattan Bank*, 300 F.3d at 322. As a result of this legislation, the words "Virgin Islands" are substituted for the words "United States" throughout the Internal Revenue

Case: 3:10-cv-00126-CVG-RM   Document #: 83   Filed: 02/12/14   Page 6 of 11

Patterson v. U.S.V.I et al.
Civil No. 2010-126
Memo Op.
Page 6

>        Code. *Bizcap, Inc. v. Olive*, 892 F.2d 1163, 1165
>        (3d Cir.1989).
>
>        *Cooper v. C.I.R.*, 718 F.3d 216, 219 (3d Cir.
>        2013).

Under this "Mirror Code", the provisions of the Internal Revenue Code and its accompanying regulations apply to taxes levied in the Virgin Islands except where displaced by local law.  *Oelsner v. Virgin Islands*, 294 F. Supp. 2d 689, 693 (D.V.I. 2003).

The Internal Revenue Code provides that taxes paid to the IRS are, as a general rule, covered into the treasuries of the United States territories when the taxpayer is a bona fide resident of a territory.  26 U.S.C. § 7654 ("IRC").  "Cover over," as it is called, occurs when the tax agency for a territory requests cover from the IRS for specific taxpayers. Internal Revenue Service, Internal Revenue Manual, 21.8.1.6.4 (U.S. Virgin Islands Cover Over Processing).  That is, where the territory requests that monies paid to the IRS be deposited in the treasury of the territory. *See id.* The Internal Revenue Tax Manual indicates cover over occurs once the Virgin Islands submits a list of taxpayers and taxpayer information, informing the IRS of the amounts for cover over and, in some cases, the "amounts to be refunded directly to the taxpayers . . ." *Id.* To

that end, Treasury Regulation § 1.932-1T allowed taxpayers to treat payments to the IRS as payments to the VIBIR.[3]

By the plain terms of the statute, the IRS will not provide cover over where the taxpayer was not a bona fide resident of the territory. *See id.* (stating cover over will occur for taxpayers defined in § 932(c)); IRC § 932(c)("This subsection shall apply to an individual for the taxable year if – such individual is a bona fide resident of the Virgin Islands during the entire taxable year[.]"); *see also Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455 (3d Cir. 2013) (holding that individuals who were not bona fide residents were liable for taxes to the IRS, not the VIBIR).

Assessing which individuals are subject to taxation by the IRS and which are subject to taxation by the VIBIR requires a determination of the taxpayer's residency. The IRS has the authority to investigate and determine whether or not taxpayers are bona fide residents of the Virgin Islands for tax purposes. *Mollison v. United States*, 481 F.3d 119, 123 (2d Cir. 2007)(stating that "the IRS may legitimately investigate whether [tax] liability [to the United States] exists, and if so, to what extent" with regards to Virgin Islands residents).

---

[3] 26 C.F.C. 1.932-1T (2005) is no longer in effect. However, it was operative at the time Patterson submitted funds to the IRS.

Patterson v. U.S.V.I et al.
Civil No. 2010-126
Memo Op.
Page 8

Taking these provisions of the IRC and Treasury regulations together with the case law, it becomes apparent that to show that a taxpayer is entitled to a refund from the VIBIR after sending said monies to the IRS, the taxpayer must show that: (1) monies were paid to the IRS; (2) the monies submitted to the IRS exceeded the taxpayer's tax liability; and (3) that the VIBIR received cover over.

It is not disputed that Patterson paid $813,000 to the IRS. It is also not disputed that Patterson's Form 1040 indicated that he overpaid his taxes in the amount of $179,909.  Thus, the only factor in contention is whether the VIBIR "has money which belongs to him." *IA 80 Grp., Inc.*, 347 F.3d at 1071.

In *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932), the Supreme Court of the United States stated that "[t]he action to recover on a claim for refund is in the nature of an action for money *had and received*" by the taxing entity from which a taxpayer claims a refund. 284 U.S. at 283 (emphasis added). Thus, the very nature of a refund claim requires the taxpayer to show that the taxing entity actually had or received the monies sought. *See id.*  The Court is unaware of any authority which indicates that this longstanding principle does not apply in this case. The Court also notes that Patterson does not indicate that any such contrary authority exists.

Case: 3:10-cv-00126-CVG-RM  Document #: 83  Filed: 02/12/14  Page 9 of 11

Patterson v. U.S.V.I et al.
Civil No. 2010-126
Memo Op.
Page 9

Here, the IRS determined that Patterson was not a bona fide resident of the Territory for tax year 2004. The IRS letter states that, because it found that Patterson was not a bona fide resident for tax year 2004, the VIBIR did not and will not receive Patterson's tax payment. As such, it appears, based on the record, that the VIBIR has not, to this point, received any such tax payment for tax year 2004. Without cover over occurring, VIBIR has not "had or received" money to which Patterson is entitled. *Cf. Lewis*, 284 U.S. at 283.

As it is clear that VIBIR has not received the funds at issue, Patterson could only obtain relief if VIBIR's mere *entitlement to request* cover over for overpayment could be regarded as VIBIR having money to which Patterson is entitled. *See IA 80 Grp., Inc.*, 347 F.3d at 1071. The Court is unaware of any authority which supports this proposition.[4] Indeed, it would be an exercise in illogic to conclude that an entitlement to petition for funds is tantamount to "having" the overpaid funds. Such a conclusion would render meaningless, and obviate, the need to petition. In such a world, the possessor of a *right* to petition for funds would talismanically be converted into the possessor of the *funds*. Logic dictates another conclusion. A

---

[4] Patterson argues that Treasury Regulation § 1.932-1T (2005), allows bona fide residents of the Virgin Islands to treat payments to the United States as payments to the VIBIR. *See* 26 C.F.R. 1.932-1T (2005). That allowance, however, does not transfer IRS funds into the treasury of the Virgin Islands.

Case: 3:10-cv-00126-CVG-RM Document #: 83 Filed: 02/12/14 Page 10 of 11

Patterson v. U.S.V.I et al.
Civil No. 2010-126
Memo Op.
Page 10

right to seek funds is not the equivalent of having funds. On the record before the Court, there is no evidence that the VIBIR has Patterson's funds.

As *Lewis* makes clear, "it is incumbent upon the [taxpayer] to show that the [taxing government] has money which belongs to [the taxpayer]." *Lewis*, 284 U.S. at 283. Patterson has failed to do that here.[5]

## IV. CONCLUSION

To prevail on his claim for a tax refund from the VIBIR, Patterson bore the burden of showing that the VIBIR has money which belongs to him. Here, the record indicates that the VIBIR never had or received any of Patterson's tax payment for tax year 2004. As such, Patterson has failed to meet his burden.

---

[5] Even if VIBIR's entitlement to request cover over was sufficient to allow Patterson to request a refund, Patterson would still need to show that the VIBIR was, in fact, entitled to request cover for him for tax year 2004. The VIBIR would only be entitled to request cover over if Patterson was a bona fide resident of the Virgin Islands. *See* 26 U.S.C. § 7654 ("The net collection of taxes imposed by chapter 1 for each taxable year with respect to an individual to whom section 931 or 932(c) applies shall be covered into the Treasury of the specified possession of which such individual is a bona fide resident.")

To that end, the taxpayer bears the burden of proving, by a preponderance of the evidence "that the [taxing entity] has money which belongs to [him or her]." *IA 80 Grp., Inc.*, 347 F.3d at 1071; *see also Francisco*, 267 F.3d at 319. The Court also notes that in cases where the courts have to make an ultimate determination as to a taxpayer's residence, the burden is on the taxpayer to prove they were a bona fide resident of the U.S. Virgin Islands. *See, e.g.*, *Vento v. Dir. Of V.I. Bureau of Internal Rev.*, 715 F.3d 455, 469 (3d Cir. 2013).

After a thorough review of the record, the Court is unable to find suficient facts on the record which establish Patterson's residency for tax purposes.

Case: 3:10-cv-00126-CVG-RM   Document #: 83   Filed: 02/12/14   Page 11 of 11

Patterson v. U.S.V.I et al.
Civil No. 2010-126
Memo Op.
Page 11

For the foregoing reasons, the Court finds in favor of the defendant as to the refund claim made for tax year 2004.  An appropriate judgment follows.

S_____
    **Curtis V. Gómez**
    **District Judge**